```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

TRILOGY REHAB SERVICES, LLC,      )
                                  )
         Plaintiff,               )
                                  )
         v.                       )    NO.  3:10-0396
                                  )    Judge Sharp/Bryant
CONSULTAMERICA EAST HAVEN, INC.,  )
et al.,                           )
                                  )
         Defendants.              )
```

## MEMORANDUM AND ORDER

Plaintiff Trilogy Rehab Services, LLC has filed its motion to compel discovery (Docket Entry No. 55) seeking an order requiring defendants to serve additional responses to Trilogy's written discovery. Neither of the defendants has filed a response, and the time for doing so has expired. The Court **GRANTS** in part and **DENIES** in part plaintiff's motion to compel, to the extent provided in this memorandum and order.

### Interrogatories

Plaintiff Trilogy has served 31 written interrogatories on defendants (Docket Entry No. 55-2). In response, defendant Consultamerica East Haven, Inc. ("East Haven"), has objected on the grounds that plaintiff's interrogatories exceed 25 in number, in violation of Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.01(b) (Docket Entry No. 55-3). In reliance upon this objection, defendant East Haven has declined to serve responses to any of plaintiff's interrogatories. It appears from the motion papers that in subsequent discussions counsel for defendant East Haven offered to answer 25 interrogatories, but only upon the condition that it be required to answer the first 25

interrogatories rather than 25 interrogatories of plaintiff's choosing. When the parties failed to reach agreement, defendant East Haven stood on its objection and has not served responses to any interrogatories served by plaintiff.

Defendant East Haven is correct that 31 interrogatories exceed the number permitted by the rules absent leave of court to serve more. However, leave to serve additional interrogatories is routinely granted upon motion, especially when the total number sought to be served exceeds the permitted number by only six. Therefore, plaintiff should have moved for leave to exceed the permitted number, which leave undoubtedly would have been readily granted. Defendant, however, should not have allowed its objection to the total number served to become the basis of serving no responses at all. Instead, defendant should have permitted plaintiff to identify the 25 interrogatories for which it wished responses.

In order to break this logjam between these parties, the Court **ORDERS** that the permitted number of written interrogatories that may be served by the parties is increased to 31. Defendants are **ORDERED** to serve responses to plaintiff's 31 interrogatories on or before **Friday, November 18, 2011**.

### Requests for Production of Documents

Requests for Production Nos. 3, 7, 9, 10, 19, 25, 26, 31 and 32. Defendants have objected to these requests for production to the extent that they use the words "affiliate" or "affiliated with" on the ground that such terms, as defined by plaintiff, are impermissibly overbroad and, in particular, are "so broad as to

2

include anyone who serves as an officer or director of East Haven." Defendants shall serve responses to these requests, but only with the understanding that the term "affiliate" or "affiliated with" shall refer to related corporations at least ten percent of whose stock is owned by the defendant's parent or a defendant's subsidiary corporation. The term "affiliate" shall not be deemed to include an officer or a director of a defendant.

<u>Requests for Production Nos. 5 and 6.</u> Requests Nos. 5 and 6 seek production of certain financial reports and records prepared by or on behalf of the defendants since January 2009. Defendant East Haven has objected to these two requests on grounds that they are "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." The Court finds that these records, at a minimum, are reasonably calculated to lead to the discovery of admissible evidence and therefore subject to discovery. Defendants are **ORDERED** to produce these documents as requested.

<u>Requests for Production Nos. 14 and 15</u>. Requests Nos. 14 and 15 seek production of copies of all documents relating to reimbursement received by defendants from Medicare since January 2009 and all documents detailing requests for reimbursement from Medicare since January 2009, including but not limited to cost reports and UB-92(CMS-1450) forms. Defendant East Haven has objected to these requests on the grounds that they are "overbroad,

3

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, for among other reasons, [these requests] would include reimbursement having nothing to do with Plaintiff's services." Beyond these conclusory objections, defendant East Haven has made no attempt to show that producing these documents, especially when limited to a fairly brief period of time, would amount to a unduly burdensome chore. The Court therefore finds that these documents related to Medicare reimbursements and requests for reimbursements are, at a minimum, reasonably calculated to lead to the discovery of admissible evidence. Therefore, these documents are subject to discovery and defendants are **ORDERED** to produce them as requested.

Requests for Production Nos. 33 and 34. Requests Nos. 33 and 34 seek all electronically stored information or documents "which concern the Plaintiff or any lawsuit brought by it against [defendant]," and all documents relating to any lawsuit naming defendant as a party from January 2007 to the present. Defendant East Haven has objected to these requests on grounds that they are "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, for among other reasons, this request would include lawsuits completely unrelated to the issues in this case." From motion papers on file with the Court (Docket Entry No. 55-7), it appears that defendant East Haven has produced a complete list of all lawsuits responsive to Request No. 34, but has objected to producing other responsive documents

4

relating to these court cases. The undersigned Magistrate Judge finds, at least for the time being, that defendant East Haven's objection to producing additional documents related to litigation against it by third parties should be sustained. A complete list of these cases should permit plaintiff, if it wishes to do so, to conduct research in public records to learn more about the nature and bases of claims raised in those other cases. Therefore, defendant East Haven shall not, at least at this time, be required to produce additional documents responsive to Request No. 34.

To the extent that this order requires defendants to serve additional discovery responses, such responses shall be served on or before **Friday, November 18, 2011.**

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
